# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING CHING JIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C. RODRIGUEZ, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:04-CV-5894-REC-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, WITHOUT PREJUDICE<br><br>(Doc. 35) |

　　　Plaintiff Ming Ching Jin ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint, filed June 28, 2004, against defendants Rodriguez, Aguirre, Quinn-Robicheau, and Vargas ("defendants") for retaliation.  On May 4, 2005, plaintiff filed a motion for summary judgment.  Defendants filed an opposition to the motion on May 17, 2005, and plaintiff filed a reply on May 27, 2005.

　　　Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  It is the moving party's burden to establish that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  British Airways Board v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978).

1  Where, as here, "the moving party has the burden of proof, . . . his showing must be sufficient
2  for the court to hold that no reasonable trier of fact could find other than for the moving party."
3  Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer,
4  Summary Judgment Under the Federal Rules: Defining Issues of Material Fact 99 F.R.D. 465, 487
5  (1984)). Thus, on a summary judgment motion, the moving party must demonstrate there is no
6  triable issue as to the matters alleged in its own pleadings. Id. This requires the moving party to
7  establish beyond controversy every essential element of its claim or defense. Fontenot v. Upjohn
8  Co., 780 F.2d 1190, 1194 (5th Cir. 1986). The moving party's evidence is judged by the same
9  standard of proof applicable at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

10  Pursuant to Local Rule 56-260(a), "[e]ach motion for summary judgment or summary
11  adjudication shall be accompanied by a 'Statement of Undisputed Facts' which shall enumerate
12  discretely each of the specific material facts relied upon in support of the motion and cite the
13  particular portions of any pleading, affidavit, deposition interrogatory answer, admission or other
14  document relied upon to establish that fact."

15  Defendants oppose plaintiff's motion for summary judgment on the ground that it is
16  procedurally deficient because it is not in compliance with Rule 56-260(a). In his reply, plaintiff
17  argues that Section III of his Memorandum, entitled Facts, and his declaration satisfy Rule 56-260(a).

18  The court has reviewed plaintiff's motion and finds that it does not comply with the
19  requirements set forth in Local Rule 56-260(a). Plaintiff's motion must be accompanied by a
20  statement of undisputed facts in which each fact is separately set forth and is followed by a citation
21  to the "particular portions of any pleading, affidavit, deposition interrogatory answer, admission or
22  other document relied upon to establish that fact." Local Rule 56-260(a). A moving party's failure
23  to cite to the evidence relied upon in support of each specific fact makes a responding party's burden
24  unnecessarily more difficult. In fact-specific cases, the court is disinclined to overlook the failure
25  to comply with the mandate of Local Rule 56-260(a). The responding party should be able to
26  quickly ascertain what facts offered by plaintiff are to be contested and what evidence is relied upon
27  in support of each fact.
28  ///

Although the court is cognizant of the fact that plaintiff is a non-attorney proceeding pro se and is incarcerated, all parties are required to comply with this rule, regardless of their status. Plaintiff's motion is not in compliance with this requirement, and the court will not require defendants to sift through plaintiff's lengthy motion and separate out the facts and the evidence relied on by plaintiff so that they are able to respond to the merits of the motion.

Accordingly, it is HEREBY RECOMMENDED that plaintiff's motion for summary judgment, filed May 4, 2005, be DENIED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 29, 2005**                                /s/ Lawrence J. O'Neill
b9ed48                                                         UNITED STATES MAGISTRATE JUDGE