# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING CHING JIN, | CASE NO. 1:04-CV-5894-REC-LJO-P |
| Plaintiff, | ORDER STRIKING FILING SUBMITTED BY NON-PARTY, SETTLEMENT DEMANDS, AND DEPOSITION NOTICES |
| v. | |
| C. RODRIGUEZ, et al., | (Docs. 42, 44, 46-50) |
| Defendants. / | |

Plaintiff Ming Ching Jin ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 15, 2005, plaintiff filed a motion for summary judgment, and on August 22, 2005, Pifen Chiu Jin, plaintiff's wife and a non-party, filed a declaration and exhibits in support of plaintiff's motion for summary judgment. On September 9, 2005, plaintiff filed a settlement demand, on September 26, 2005, plaintiff filed four notices of deposition, and on September 27, 2005, plaintiff filed another settlement demand. None of these documents should have been filed with the court.

Absent special circumstances that are not applicable here, individuals may not file documents in actions in which they are not parties. Although plaintiff could have submitted his wife's declaration and exhibits in support of his motion for summary judgment, plaintiff's wife may not do so herself because she is not a party to this action.[1]

---

[1] If plaintiff had submitted the exhibits himself, he would have been required to file a motion seeking leave to file the documents because they were not submitted with the motion for summary judgment. Parties may not supplement their pending motions without leave of court.

1

1    Regarding the notices of deposition, plaintiff is directed to review paragraph 7 of the First
2 Informational Order filed on November 24, 2004. (Doc. 6.) The court is not involved in the
3 discovery process unless the court's assistance is needed, such as when a dispute arises. No
4 discovery documents or requests should be filed with the court unless there is a dispute before the
5 court requiring submission of the documents.
6    With respect to settlement, in cases such as this, there is no mandatory settlement conference.
7 See Local Rule 16-240(c)(8). If both parties reach an agreement that a settlement conference will
8 be helpful, the court will set one and will request the parties submit confidential settlement
9 conference statements directly to the settlement judge. At no time is it proper for plaintiff to file a
10 settlement demand with the court. Settlement negotiations between the parties shall remain between
11 the parties unless and until a settlement conference is requested.
12    For the foregoing reasons, the declaration and exhibits filed by Pifen Chiu Jin on August 22,
13 2005; plaintiff's settlement demand, filed September 9, 2005; plaintiff's notices of deposition, filed
14 September 26, 2005; and plaintiff's settlement demand, filed September 27, 2005, are HEREBY
15 STRICKEN from the record.

17 IT IS SO ORDERED.
18 **Dated:   September 28, 2005**          **/s/ Lawrence J. O'Neill**
   b9ed48                         UNITED STATES MAGISTRATE JUDGE

2