# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING CHING JIN,<br><br>    Plaintiff,<br><br>   v.<br><br>C. RODRIGUEZ, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:04-CV-5894-REC-LJO-P<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 57)<br><br>ORDER DIRECTING PLAINTIFF TO INFORM COURT WHERE TO MAIL RETURNED CHECK |

Plaintiff Ming Ching Jin ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 4, 2005, plaintiff filed a motion for the appointment of counsel and enclosed a check for $1,000.00 to retain any attorney.

The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. <u>Terrell</u>, 935 F.2d at 1017. Accordingly, plaintiff's motion for the appointment of voluntary counsel cannot be granted.

Further, the court cannot look for an attorney willing to take plaintiff's case for compensation and use the $1,000.00 to retain the attorney. Any attempts to retain an attorney for $1,000.00 must be made by plaintiff, his family, or someone else acting on plaintiff's behalf. The court cannot intervene in this manner. Accordingly, the check for $1,000.00 must be returned to plaintiff.

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed October 4, 2005, is denied, without prejudice;
2. Within **thirty (30) days** from the date of service of this order, plaintiff shall inform the court where and to whom he wishes the $1,000.00 returned by mail to; and
3. If plaintiff fails to notify the court otherwise within thirty days, the check will be mailed to plaintiff at the California Men's Colony.

IT IS SO ORDERED.

**Dated:   October 5, 2005**                      **/s/ Lawrence J. O'Neill**
b9ed48                                              UNITED STATES MAGISTRATE JUDGE