# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING CHING JIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C. RODRIGUEZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:04-CV-5894-REC-LJO-P<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 62)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND COURTESY COPY OF DOCUMENT 62 TO DEFENDANTS' COUNSEL |

　　　　Plaintiff Ming Ching Jin ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 17, 2005, plaintiff filed an ex parte motion for the appointment of counsel. Plaintiff has been advised that he must serve all of his filings on defendants' counsel and must attach a certificate of service to each filing stating that it was served on defendants' counsel. (Doc. 6, 1st Info. Order, filed 11/24/04.) Plaintiff may not avoid serving his filings on defendants' counsel by labeling his motion as one brought ex parte. The Clerk's Office shall be directed to send a copy of the motion to defendants' counsel. Plaintiff is advised that if he files any further motions improperly brought ex parte, they will be stricken from the record.

　　　　The Court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most

1 serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Terrell, 935 F.2d at 1017.

For the foregoing reasons, it is HEREBY ORDERED that plaintiff's motion for the appointment of counsel, filed October 17, 2005, is denied, without prejudice. Further, the Clerk's Office is HEREBY ORDERED to send a courtesy copy of document 62 to defendants' counsel.

IT IS SO ORDERED.

**Dated:   November 21, 2005**                    **/s/ Lawrence J. O'Neill**
i0d3h8                                            UNITED STATES MAGISTRATE JUDGE