# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING CHING JIN,<br><br>        Plaintiff,<br><br>   v.<br><br>C. RODRIGUEZ, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:04-CV-05894-REC-LJO-P<br><br>ORDER DENYING PLAINTIFF'S RULE 56(F) MOTION<br><br>(Doc. 87)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE OF COURT TO DEPOSE WITNESSES<br><br>(Doc. 87)<br><br>ORDER VACATING DEPOSITIONS NOTICED FOR JANUARY 10, 11, 12, AND 13, 2006<br><br>(Docs. 91-94) |

       Plaintiff Ming Ching Jin ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for summary judgment and defendants' cross-motion for summary judgment. On December 23, 3005, plaintiff filed a motion seeking permission to depose defendants in order to support his opposition to defendants' motion for summary judgment. In addition, plaintiff seeks leave to depose three non-party witnesses. On December 30, 2005, plaintiff filed his opposition to defendants' cross-motion for summary judgment.

       Plaintiff's contention that he needs to depose defendants in order to oppose their cross-motion for summary judgment is belied by the fact that he already filed his opposition to the cross-

1

motion. In addition, plaintiff's motion is not sufficient to obtain a continuance of defendants' cross-motion pending further discovery in the form of depositions.

Rule 56(f) of the Federal Rules of Civil Procedure provides as follows:

> (f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In order to prevail on a Rule 56(f) motion, the moving party "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998). "In making a Rule 56(f) motion, a party opposing summary judgment 'must make clear what information is sought and how it would preclude summary judgment.'" Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987)). The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists. Volk v. D. A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987).

In this instance, plaintiff has not met his burden. Plaintiff contends that some of defendants' undisputed facts in their cross-motion are false, and that the truth cannot be revealed without deposing them because their signatures are missing from their declarations submitted in support of their cross-motion. (Doc. 87, Motion, 1:19-23.) The declarations on file with the court bear defendants' electronic signatures. Assuming for the sake of argument that the copies served on plaintiff did not bear defendants' signatures, it is unclear why this omission would prevent plaintiff from opposing the motion or require that plaintiff depose defendants. Also, as previously stated, plaintiff in fact opposed the motion one week after filing the motion seeking leave to depose defendants. Accordingly, to the extent that plaintiff's motion for leave to depose defendants can also be construed as a Rule 56(f) motion, the motion must be denied.

///

Turning to plaintiff's request for leave to depose defendants, plaintiff has a right to depose defendants without court permission, although the reality of plaintiff's incarceration may require some very minimal assistance from the court in terms of facilitation. Plaintiff may depose defendants via recording, as his deposition notices indicate he plans to do. However, plaintiff must bear the cost of the recording, must bear the cost of transcription if he intends to use the deposition as evidence in a proceeding, and must arrange for an officer[1] to conduct the deposition. Fed. R. Civ. P. 30(b). To the extent that plaintiff is seeking leave of court to depose defendants without complying with any of these requirements, plaintiff's motion is denied.

If plaintiff is aware of these requirements and is able to satisfy them, he does not need leave of court to depose defendants. However, plaintiff's deposition notices demonstrate that he also seeks the production of documents by defendants at their depositions. (Docs. 91-94.) As a result, plaintiff must notice the depositions at least forty-five days in advance, as reasonable written notice of deposition must take into account the time allowed to respond to a request for production of documents.[2] Fed. R. Civ. P. 30(b)(5).

Because plaintiff did not notice defendants' depositions at least forty-five days in advance, the depositions set for January 10, 11, 12, and 13, 2006, are hereby vacated. If plaintiff is able to depose defendants in compliance with the Federal Rules of Civil Procedure, he may re-notice the depositions for a time not less than forty-five from the date of the notice. The court notes that on January 4, 2006, defendants filed a motion seeking a protective order shielding them from all discovery pending resolution of the motion and cross-motion for summary judgment. The court does not reach that motion at this time because plaintiff has not had an opportunity to respond. Local Rule 78-230(m).

Finally, plaintiff also seeks leave of court to depose three unidentified non-party witnesses. Again, plaintiff does not need the court's permission to depose non-party witnesses, although the

---

[1] The deposition must be conducted by an officer authorized to administer oaths and take testimony. Fed. R. Civ. P. 28, 30(b).

[2] Pursuant to the court's discovery order, the thirty-day time period provided for in Federal Rule of Civil Procedure 34 is extended to forty-five days. (Doc. 32.)

reality of plaintiff's incarceration may require court assistance. In order to secure the appearance of non-party witnesses at their depositions, the witnesses must be personally served with subpoenas that are accompanied by money orders for witness fees and, if applicable, travel expenses.[3] Fed. R. Civ. P. 45; 28 U.S.C. § 1821. Plaintiff is reminded that this action is proceeding against defendants Rodriguez, Aguirre, Quinn-Robicheau, and Vargas only for retaliation. The non-party witnesses plaintiff seeks to depose must possess knowledge relevant to plaintiff's retaliation claims. Fed. R. Civ. P. 26(b)(1).

To the extent that plaintiff is seeking a court order allowing plaintiff to depose the non-party witnesses without complying Rule 45 and without submitting the appropriate witness fees, plaintiff's motion is denied. Also, as with party witnesses, plaintiff must bear the costs of recording the depositions, must bear the costs of transcribing the depositions if he intends to use them as evidence in a proceeding, and must arrange for the depositions to be conducted before an officer. If plaintiff is willing and able to depose non-party witnesses in compliance with these requirements, plaintiff does not need leave of court, although plaintiff will need assistance concerning the issuance of subpoenas and service of the subpoenas by the Marshal.

As set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's Rule 56(f) motion, to the extent that plaintiff is seeking this form of relief, is DENIED;

2. Plaintiff's motion for leave to depose defendants and non-party witnesses, to the extent that plaintiff is seeking leave to conduct depositions without complying with all of the requirements, is DENIED; and

///
///
///
///
///

---

[3] The daily witness fee for each witness is $40.00. 28 U.S.C. § 1821(b).

3. Defendants' depositions, set to be conducted by plaintiff on January 10, 11, 12, and 13, 2006, are VACATED, based on plaintiff's failure to notice them at least forty-five days in advance.

IT IS SO ORDERED.

**Dated:   January 5, 2006**                          /s/ Lawrence J. O'Neill
b9ed48                                              UNITED STATES MAGISTRATE JUDGE