1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT FOR THE

7                      EASTERN DISTRICT OF CALIFORNIA

8

9  MING CHING JIN,                    )        No. CV-F-04-5894 REC/LJO P
                                      )
10                                    )        ORDER DENYING PLAINTIFF'S
                                      )        MOTION FOR SUMMARY JUDGMENT,
11             Plaintiff,             )        GRANTING IN PART AND DENYING
                                      )        IN PART DEFENDANTS' MOTION
12        vs.                         )        FOR SUMMARY JUDGMENT (Docs.
                                      )        40, 63 & 101), GRANTING
13                                    )        LEAVE TO DEFENDANTS TO FILE
   C. RODRIGUEZ, et al.,              )        A SUPPLEMENTAL MOTION FOR
14                                    )        SUMMARY JUDGMENT, AND
                                      )        REMANDING ACTION TO
15             Defendant.             )        MAGISTRATE JUDGE FOR FURTHER
                                      )        PROCEEDINGS.
16  _____)

17

18

19

20        On January 26, 2006, the United States Magistrate Judge

21  recommended that the court deny plaintiff's motion for summary

    judgment and that the court grant in part and deny in part

22  defendants' motion for summary judgment.

23        Defendants timely filed objections to the recommendation.

24  Plaintiff has not filed objections to the recommendation.

25        The court has reviewed the record herein de novo.  Except as

26

                                      1

1  otherwise specifically discussed herein, the court concurs with
2  the recommendation.

3       Defendants assert in their objections to the recommendation
4  that the Magistrate Judge "failed to consider the well-settled
5  rule from <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997), that a
6  prisoner cannot bring a § 1983 action for damages and declaratory
7  relief challenging the procedures used in a disciplinary
8  proceeding until any finding of guilt has been reversed or
9  declared invalid."

10      Because defendants did not move for summary judgment on this
11  ground, the Magistrate Judge cannot be faulted for failing to
12  consider an issue not raised by the defendants.  The court will
13  not consider a ground raised for the first time in objections to
14  a recommendation.  Although the court could conclude that
15  defendants waived this issue by failing to raise it to the
16  Magistrate Judge, the court will not do so here given the
17  potentially dispositive nature of this ground for summary
18  judgment.  Nonetheless, the court concludes that the issue cannot
19  be resolved at this juncture because plaintiff will not have had
20  an adequate opportunity to respond.  The court will allow
21  defendants to file a supplemental motion for summary judgment on
22  the ground that plaintiff's claims are barred by <u>Edwards v.</u>
23  <u>Balisok</u>.

24      Defendants further contend that the Magistrate Judge erred
25  by agreeing with plaintiff's contention that defendant Rodriguez
26  was ineligible to hear the disciplinary charge brought against

1  plaintiff by defendant Aguirre.

2      However, plaintiff submitted eyewitness evidence raising a

3  question of fact that defendant Rodriguez was present during the

4  pruno (alcohol) sweep.  Therefore, defendants' objection to the

5  recommendation on this ground is without merit.

6      Defendants contend that the Magistrate Judge erred in

7  denying their motion for summary judgment on the ground that

8  plaintiff submitted evidence sufficient to raise a question of

9  fact that the officers found alcohol in 7 out of the 100 cells

10  searched but only plaintiff was written up for it.

11      Plaintiff submitted the declaration of inmate Everett in

12  support of his motion for summary judgment and in opposition to

13  defendants' motion for summary judgment.  Defendants objected in

14  their opposition to consideration of inmate Everett's declaration

15  for lack of foundation.  However, inmate Everett was an

16  eyewitness to the cell searches.  Defendants failed to elaborate

17  the basis for their foundational objection.  Given inmate

18  Everett's status as an eyewitness and absent any elaboration by

19  defendants for their foundational objection, defendants have not

20  demonstrated that the Magistrate Judge erred by considering

21  plaintiff's evidence.  Furthermore, even if defendants are

22  correct that inmate Everett's declaration is inadmissible,

23  defendants would not be entitled to summary judgment.  It is the

24  dispute over whether there was alcohol in plaintiff's cell and

25  whether he was disciplined accordingly or whether the alcohol was

26  planted so that plaintiff could be disciplined in retaliation for

the exercise of First Amendment rights that precludes summary judgment for defendants on this claim. Whether or not alcohol was found in other cells and those inmates not disciplined are not dispositive of this claim.

Defendants further object to the recommendation on the ground that the Magistrate Judge erred in denying summary judgment for defendant Quinn-Robicheaux based on the Magistrate Judge's review of 15 Cal.Code Regs. § 3173.1. In the recommendation, the Magistrate Judge stated:

> Further, defendants contend that section 3173.1 gives them discretion to preclude plaintiff for *all* visitation with minors and represent that section 3173.1 states, '"Inmates may be prohibited from having contact or non-contact visits [with minors] where substantial evidence [e.g., ... probation officer reports ...) of misconduct described in section 3177(b)(1) exists, with or without criminal conviction ... The court has reviewed section 3173.1 in its entirety and can find no section in the regulation that states what defendants assert it states, and defendants have advanced no argument that the regulation's language was different in 2003, when the incident occurred.

In their objections, defendants note that Section 3173.1 was amended on December 5, 2005. Under the version of Section 3173.1 in effect after December 5, 2005, the Magistrate Judge's recommendation is a correct statement of the law. However, defendants contend, the version of Section 3173.1 in effect at the time the alleged incident occurred and when the defendants filed their motion for summary judgment, supports summary judgment for defendant Quinn-Robicheaux.

1    The court concurs with defendants that Section 3173.1, as in

2    effect at the time of the alleged incident, compels summary

3    judgment for defendant Quinn-Robicheaux.  With the benefit of the

4    regulatory language in effect at the relevant time, it is now

5    clear that defendant Quinn-Robicheaux had the discretion to

6    prohibit plaintiff from all visitations with minors.  Plaintiff

7    was convicted of two counts of child endangerment, and his

8    probation report indicated that plaintiff committed violent

9    crimes in the presence of his children and placed his children in

10   danger by keeping loaded weapons and high explosives in his house

11   (F&R, Undisputed Facts 15 & 16, pp. 16-17).  Thus, pursuant to

12   the applicable regulations, there existed information upon which

13   to base a discretionary decision to preclude plaintiff from

14   visitation.  Courts must "'afford appropriate deference and

15   flexibility' to prison officials in the evaluation of proffered

16   legitimate penological reasons for conduct alleged to be

17   retaliatory."  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.

18   1995)(quoting Sandlin v. Conner, 515 U.S. 472, 482 (1995)).  The

19   burden is on the inmate to demonstrate "that there were no

20   legitimate correctional purposes motivating the actions he

21   complains of."  Pratt, 65 F.3d at 808.  Plaintiff's assertion

22   that defendant Quinn-Robicheaux abused her discretion and his

23   disagreement with some of the information in the probation report

24   are insufficient to defeat defendants' motion for summary

25   judgment on this claim.  Given the regulation in effect at the

26   time and the existence of the probation report, plaintiff has not

1  met his burden of demonstrating that defendant Quinn-Robicheaux's

2  action was not motivated by *any* legitimate correctional purpose.

3  Accordingly, defendant Quinn-Robicheaux is entitled to summary

4  adjudication on this claim.[1]

5      ACCORDINGLY:

6      1.  Plaintiff's motion for summary judgment is denied.

7      2.  Defendants' motion for summary judgment is granted in

8  part and denied in part as follows:

9          a.  Defendants' motion for summary adjudication on

10         plaintiff's retaliation claim against defendants

11         Aguirre and Rodriguez is denied;

12         b.  Defendants' motion for summary

13         adjudication on plaintiff's retaliation claim

14         against defendants Vargas and Quinn-

15         Robicheaux based on the July 9, 2003

16         visitation restrictions is granted;

17         c.  Defendants' motion for summary

18         adjudication on plaintiff's retaliation claim

19         against defendant Quinn-Robicheaux based on

20         the October 22, 2003 visitation restrictions

21         is granted;

22         d.  Defendants' motion for summary

23

24         [1]The court notes that the confusion caused by the revision to
   the regulation could have been avoided had defendants provided a
25  copy of the applicable regulatory language to the Magistrate Judge
   or notified the Magistrate Judge of the revision while the motions
26  for summary judgment were under submission.

6

1      adjudication on plaintiff's retaliation

2      claims against defendants Aguirre and

3      Rodriguez on the ground of qualified immunity

4      is denied;

5      e.   Defendants are granted leave to file a

6      supplemental motion for summary judgment

7      based on the application of <u>Edwards v.</u>

8      <u>Balisok</u>; and

9      f.   The action is remanded to the Magistrate

10     Judge to be set for further proceedings.

11  IT IS SO ORDERED.

12  **Dated:  March 14, 2006**            **/s/ Robert E. Coyle**

668554                UNITED STATES DISTRICT JUDGE