1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING CHING JIN, | CASE NO. 1:04-CV-5894-REC-LJO-P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, DENYING PLAINTIFF'S REQUEST FOR RELIEF FROM DISCOVERY DEADLINE AS UNNECESSARY IN LIGHT OF ORDER OF NOVEMBER 22, 2005, AND DISREGARDING MOTION TO COMPEL SET FORTH IN REPLY (Docs. 104 and 107) |
| v. | |
| C. RODRIGUEZ, et al., | |
| Defendants. | |
| | ORDER GRANTING DEFENDANTS FORTY-FIVE DAYS WITHIN WHICH TO FILE SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT, AND DEEMING DEFENDANTS' REQUEST RESOLVED IN LIGHT OF THIS ORDER (Doc. 110) |
| | ORDER GRANTING DEFENDANTS' REQUEST FOR PROTECTIVE ORDER AND STAYING DISCOVERY (Doc. 95) |

_____/

I.      Order

          Plaintiff Ming Ching Jin ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Rodriguez and Aguirre ("Defendants") on Plaintiff's retaliation claim. Pursuant to the Court's order of March 15, 2006, Defendants have been granted leave to file a supplemental motion for summary judgment addressing the issue of whether or not Plaintiff's claim is barred by the habeas exhaustion rule.

///

///

1

A.   <u>Plaintiff's Motion for Appointment of Counsel</u>

On March 1, 2006, Plaintiff filed a motion requesting the appointment of counsel.[1] Defendants did not file a response.

As Plaintiff has previously been advised, the Court cannot require an attorney to represent Plaintiff. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). (Docs. 59, 70.)  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" <u>Terrell</u>, 935 F.2d at 1017 (citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Further, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits, particularly in light of the need to resolve the issue of whether or not the habeas exhaustion rule applies to Plaintiff's claim.  In addition, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. <u>Terrell</u>, 935 F.2d at 1017.  Accordingly, Plaintiff's motion for the appointment of voluntary counsel, filed March 1, 2006, shall be denied.

B.   <u>Plaintiff's Request for Relief from Discovery Deadline</u>

On February 23, 2006, Plaintiff filed a motion seeking relief from the discovery deadline. Defendants filed an opposition on February 28, 2006, and Plaintiff filed a reply on March 15, 2006. On November 22, 2005, pursuant to a motion filed by Plaintiff on September 28, 2005, the Court

---

[1] Plaintiff's request for the appointment of counsel set forth in his reply filed on March 15, 2006, is disregarded because the request is duplicative of the instant, previously filed motion.  Further, it is improper for a party to move for new and/or different relief in a reply.

vacated the discovery deadline set forth in the scheduling order, and stated that the deadline would be reset once the parties' motions for summary judgment were resolved. Because Plaintiff's motion for relief from the discovery deadline is unnecessary in light of the Court's order of November 22, 2005, Plaintiff's request shall be denied. A new discovery deadline will be set in the event that Plaintiff's retaliation claim survives Defendants' supplemental motion for summary judgment.

Plaintiff's motion to compel, set forth in his reply, is disregarded. It is improper for a party to move for new and/or different relief in a reply, as Plaintiff has done in this instance. A reply is limited to addressing issues raised in the opposition. Because Plaintiff's original motion did not include a motion to compel, Plaintiff may not request such relief in his reply.

C.    Deadline to File Supplemental Motion for Summary Judgment

On March 15, 2006, the Honorable Robert E. Coyle issued an order granting Defendants leave to file a supplemental motion for summary judgment addressing the application of the habeas exhaustion rule to Plaintiff's retaliation claim, and remanding the matter back to the undersigned for further proceedings. In accordance with Judge Coyle's order, Defendants have forty-five days from the date of service of this order within which to file a supplemental motion. Defendants' request for leave to file a motion on or before May 2, 2006, filed March 16, 2006, is deemed resolved in light of the issuance of this order.

D.    Defendants' Request to Stay Discovery

On January 4, 2006, Defendants filed a request to stay depositions and other discovery pending resolution of the parties' motions for summary judgment. Plaintiff did not respond to the request. The parties' motions were resolved by the Court in an order filed on March 15, 2006. However, Defendants have been granted leave to file a supplemental motion addressing the application of the habeas exhaustion rule to Plaintiff's remaining claim against Defendants Rodriguez and Aguirre.

"Upon motion by a party or by the person from whom discovery is sought . . . , and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P.

///

1    26(c).  The Court enjoys "wide discretion in controlling discovery."  <u>Little v. City of Seattle</u>, 863

2    F.2d 681, 685 (9th Cir. 1989).

3            In this instance, Defendants have been given leave of court to file a supplemental motion for

4    summary judgment raising the issue of whether or not Plaintiff's remaining retaliation claim is

5    barred by the habeas exhaustion rule.  Both parties previously moved for summary judgment and

6    based on the review of Plaintiff's motion and Plaintiff's opposition to Defendants' cross-motion, the

7    Court cannot envision what further discovery Plaintiff would need to oppose Defendants'

8    supplemental motion on the limited issue of whether or not the habeas termination rule applies to

9    bar Plaintiff's section 1983 action for retaliation.  In the event that Plaintiff does need further

10   discovery to respond to the motion, Plaintiff is not precluded from seeking relief pursuant to Federal

11   Rule of Civil Procedure 56(f), the standard for which Plaintiff was provided in an order filed on

12   January 5, 2006.  Further, in the event that Defendants' motion is denied, the Court will set a new

13   discovery deadline.  Thus, there is no prejudice to Plaintiff in staying discovery at this juncture

14   pending resolution of Defendants' supplemental motion for summary judgment.

15           The Court finds that it is in the interest of justice to shield Defendants from the expense and

16   burden responding to any discovery requests pending resolution of their motion.  In as much as the

17   Court can foresee no prejudice to Plaintiff in light of the availability of Rule 56(f) and in light of the

18   fact that discovery will be reopened should Defendants fail to prevail on their supplemental motion,

19   Defendants' request shall be granted and discovery shall be stayed by this order.

20           E.      <u>Conclusion and Order</u>

21           In light of the foregoing, it is HEREBY ORDERED that:

22           1.      Plaintiff's motion for the appointment of counsel, filed March 1, 2006, is DENIED;

23           2.      Plaintiff's motion seeking relief from the discovery deadline, filed February 23, 2006,

24                   is DENIED as unnecessary in light of the Court's order of November 22, 2005;

25           3.      Plaintiff's motion to compel, set forth in his reply filed on March 15, 2006, is

26                   DISREGARDED;

27   ///

28   ///

4.    Defendants have **forty-five (45) days** from the date of service of this order within which to file a supplemental motion for summary judgment in accordance with Judge Coyle's order of March 15, 2006;

5.    Defendants' request for leave to file a supplemental motion for summary judgment on or before May 2, 2006, filed March 16, 2006, is deemed resolved in light of this order;

6.    Defendants' request to stay discovery, filed January 4, 2006, is GRANTED; and

7.    No further discovery shall be conducted until Defendants' supplemental motion for summary judgment is resolved, absent leave of court pursuant to Rule 56(f).

IT IS SO ORDERED.

**Dated:    March 27, 2006              /s/ Lawrence J. O'Neill**
b9ed48                                           UNITED STATES MAGISTRATE JUDGE