# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING CHING JIN, | CASE NO. 1:04-CV-05894-AWI-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED AND PLAINTIFF'S RETALIATION CLAIM BE DISMISSED, WITHOUT PREJUDICE, THUS CONCLUDING THIS ACTION IN ITS ENTIRETY |
| v. | |
| C. RODRIGUEZ, et al., | |
| Defendants. | |
| | (Doc. 115) |

I.  Defendants' Supplemental Motion for Summary Judgment

Plaintiff Ming Ching Jin ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint, filed June 28, 2004, on plaintiff's remaining claim against defendants Rodriguez and Aguirre ("defendants") for retaliation.[1]  (Doc. 109.)  Pursuant to the Court's order of March 15, 2006, defendants filed a supplemental motion for summary judgment on May 9, 2006.[2]  (Doc. 115-119.)  On June 7, 2006, plaintiff filed what the Court construes to be a statement of non-opposition to the motion but request

///

---

[1] On March 15, 2006, defendants Vargas and Quinn-Robicheaux were granted summary adjudication on plaintiff's retaliation claims against them.  (Doc. 109.)

[2] Although plaintiff filed a notice of appeal of the March 15 order, plaintiff's appeal was premature and was dismissed by the Ninth Circuit for lack of jurisdiction on June 9, 2006.

1

1  that dismissal without prejudice rather than summary judgment be granted.[3] (Doc. 123.) Defendants
2  did not file a reply.

      B.    <u>Legal Standard</u>

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id</u>. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Id</u>. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id</u>. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id</u>. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that

---

[3] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed on February 8, 2005. <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988). (Doc. 18.)

1  might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477
2  U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630
3  (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
4  return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436
5  (9th Cir. 1987).
6        In the endeavor to establish the existence of a factual dispute, the opposing party need not
7  establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
8  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
9  trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce
10 the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
11 Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963
12 amendments).
13       In resolving the summary judgment motion, the court examines the pleadings, depositions,
14 answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c).
15 The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable
16 inferences that may be drawn from the facts placed before the court must be drawn in favor of the
17 opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655
18 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing
19 party's obligation to produce a factual predicate from which the inference may be drawn. Richards
20 v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th
21 Cir. 1987).
22       Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show
23 that there is some metaphysical doubt as to the material facts. Where the record taken as a whole
24 could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for
25 trial.'" Matsushita, 475 U.S. at 587 (citation omitted).
26 ///
27 ///
28 ///

C.     Undisputed Facts

1. On March 1, 2003, defendant Rodriguez, the Captain of Facility 3C at California State Prison-Corcoran, ordered staff to conduct a search of all cells in housing units 1 through 5, and the common areas, for inmate-manufactured alcohol, also known as "pruno."

2. Following the search, defendant Aguirre prepared a Rules Violation Report (RVR) charging plaintiff with possession of alcohol.

3. The Correctional Lieutenant in charge of classifying RVRs changed the charge in plaintiff's RVR from possession of alcohol to manufacturing of alcohol.

4. On March 11, 2003, after the charge was changed to manufacturing of alcohol, a copy of the RVR was given to plaintiff.

5. The change from possession to manufacturing of alcohol on plaintiff's RVR did not constitute an increase in the charge; both violations are class "C" offenses, and the permissible punishments for both violations are the same.

6. On March 18, 2003, defendant Rodriguez conducted a hearing regarding the RVR and found plaintiff guilty of manufacturing alcohol.

7. As a result of the finding of guilt, defendant Rodriguez imposed on plaintiff as punishment the loss of one-hundred twenty days of good time credits and the loss of privileges for ninety days.

D.     Discussion

Plaintiff's claim against defendants stems from his allegation that defendants took disciplinary action against him in retaliation for the written complaints he submitted to the prison officials, and that the charge against him was false. In their supplemental motion for summary judgment, defendants argue that they are entitled to summary judgment on plaintiff's retaliation claim against them because plaintiff's claim is barred by the favorable termination rule. In his statement of non-opposition, plaintiff requests only that his retaliation claim be dismissed without prejudice.

On March 1, 2003, defendant Rodriguez ordered staff to conduct a search for pruno. (Undisputed Fact 1.) Defendants contend that during the search, defendant Aguirre found materials

and implements used in the manufacture of pruno in plaintiff's cell. (Doc. 119, Aguirre Dec., ¶7.) Defendant Aguirre subsequently prepared an RVR charging plaintiff with possession of alcohol. (U.F. 2.) The charge was changed from possession of alcohol to manufacturing of alcohol by the Correctional Lieutenant in charge of classifying RVRs. (U.F. 3.) On March 11, 2003, after the charge was changed to manufacturing of alcohol, a copy of the RVR was given to plaintiff. (U.F.. 4.) The change from possession to manufacturing of alcohol on plaintiff's RVR did not constitute an increase in the charge. (U.F. 5.) Both violations are class "C" offenses, and the permissible punishments for both violations are the same. (Id.) On March 18, 2003, defendant Rodriguez conducted a hearing regarding the RVR and found plaintiff guilty of manufacturing alcohol. (U.F. 6.) As a result of the finding of guilt, defendant Rodriguez assessed against plaintiff as punishment the loss of one-hundred twenty days of good time credits and the loss of privileges for ninety days. (U.F. 7.)

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005) (emphasis in original). It is undisputed that plaintiff lost good time credits as a result of being found guilty of manufacturing alcohol, and a loss of time credits affects the duration of confinement. A finding in this action that plaintiff was falsely charged in retaliation for exercising his First Amendment rights would necessarily imply the invalidity of the guilty finding and subsequent loss of time credits. Therefore, plaintiff's section 1983 claim is barred by the favorable termination rule until such time as plaintiff invalidates the result of the disciplinary hearing, either through a petition for writ of habeas corpus or through prison procedures.

Although defendants moved for summary judgment, as they must in order to set forth the necessary evidence to support their motion, judgment as a matter of law on the claim against them is not the appropriate result, as it would preclude plaintiff from reasserting the claim in the event that the claim accrues in the future. Rather, the claim should be dismissed, without prejudice, so that plaintiff may reassert it if he ever invalidates the result of the disciplinary hearing. Heck v.

5

Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372 (1994); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1142 (9th Cir. 2005); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995). The Court shall therefore recommend that defendants' motion be granted, but that the claim be dismissed without prejudice.

       E.     <u>Conclusion</u>

For the reasons set forth herein, it is HEREBY RECOMMENDED that:

1. Defendants Rodriguez and Aguirre's supplemental motion for summary judgment, filed May 9, 2006, be GRANTED; and

2. Plaintiff's retaliation claim against defendants Rodriguez and Aguirre be dismissed, without prejudice, thus concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 19, 2006**                        /s/ Lawrence J. O'Neill
b9ed48                                     UNITED STATES MAGISTRATE JUDGE